IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 08-00160-01 SOM |
| | ) | CIV. NO. 10-00545 SOM/KSC |
| Plaintiff, | ) | |
| | ) | ORDER DENYING MOTION TO |
| vs. | ) | VACATE, SET ASIDE, OR CORRECT |
| | ) | A SENTENCE BY A PERSON IN |
| DENNIS C. MCHUGH, JR., | ) | FEDERAL CUSTODY UNDER 28 |
| | ) | U.S.C. § 2255 AND DECLINING |
| Defendant. | ) | TO ISSUE CERTIFICATE OF |
| _____ | ) | APPEALABILITY |

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT A SENTENCE
BY A PERSON IN FEDERAL CUSTODY UNDER 28 U.S.C. § 2255 AND
<u>DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY</u>

I.        <u>INTRODUCTION.</u>

Dennis C. McHugh, Jr., has admitted that he transported approximately two pounds of methamphetamine from California to Hawaii in order to distribute the methamphetamine here.  He has also admitted that he illegally procured two guns to protect the drugs.  McHugh pled guilty to two of the counts arising from that unlawful conduct, and was sentenced to a prison term of 165 months on October 29, 2009.  Now before the court is McHugh's Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255.  However, McHugh's plea agreement forbids him from bringing a § 2255 petition except in two limited circumstances.  Because McHugh's petition presents neither of the circumstances set forth in the plea agreement, it must be dismissed.  The court also declines to grant a certificate of appealability.

II.		STANDARD OF REVIEW.

Under 28 U.S.C. § 2255, a court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration on any of the following grounds: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255(a).  A petitioner must allege specific facts which, if true, would entitle the petitioner to relief.  See United States v. Rodriques, 347 F.3d 818, 824 (9th Cir. 2003) (citing United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir. 1996)).

A judge may dismiss a § 2255 motion if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."  Rule 4(b), Section 2255 Rules.  A court need not hold an evidentiary hearing if the allegations are "palpably incredible or patently frivolous" or if the issues can be conclusively decided on the basis of the evidence in the record. See Blackledge v. Allison, 431 U.S. 63, 76 (1977); see also United States v. Mejia-Mesa, 153 F.3d 925, 929 (9th Cir. 1998) (noting that a "district court has discretion to deny an evidentiary hearing on a § 2255 claim where the files and records

conclusively show that the movant is not entitled to relief");
Frazer v. United States, 18 F.3d 778, 781 (9th Cir. 1994).

III.     BACKGROUND.

In May 2007, as a part of a conspiracy to distribute methamphetamine on Kauai, McHugh brought approximately two pounds of methamphetamine from California to Kauai.  See Mem. of Plea Agreement 5, ECF No. 56.  He and a codefendant then weighed and repackaged the heroin in their hotel room.  Id.  Some of the heroin was distributed on May 17, 2007, and McHugh stored the remainder in the room.  Id.  Approximately 716 grams of methamphetamine (614 grams of actual methamphetamine) was recovered from the room safe on May 18, 2007.  Id. at 5-6.

After arriving on Kauai, McHugh also procured two guns to protect the methamphetamine.  Id. at 6.  He kept one in the safe with the drugs and the other on a nightstand.  Id. at 6.

On March 13, 2008, a grand jury issued an Indictment charging McHugh with: (1) conspiring to unlawfully distribute and possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A); (2) possessing with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A); (3) unlawfully possessing a firearm as a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and (4) unlawfully possessing a firearm in furtherance of a drug

trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A). See Sealed Indictment, ECF No. 1.

On June 12, 2008, McHugh pled guilty to the first and fourth counts in the Indictment.  ECF No. 55.  McHugh's plea agreement states that he "waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255," subject to the following exceptions: (1) "If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the Defendant, the Defendant retains the right . . . to challenge that portion of his sentence [greater than specified in the guideline range] in a collateral attack"; and (2) "defendant may make such a challenge . . . based on a claim of ineffective assistance of counsel."  Mem. of Plea Agreement 11, ECF No. 56.

On October 29, 2009, this court sentenced McHugh to a 165-month prison term (105 months on the conspiracy count followed by 60 months on the gun charge), as well as 5 years of supervised release.  ECF No. 100.  During sentencing, the court considered whether "substantial assistance" was the only mitigating factor it could consider in setting a sentence below what would be the statutory mandatory minimum absent the granting of a motion based on such "substantial assistance."  See

Transcript of Proceedings, Oct. 29, 2009 ("Transcript") 9-13, ECF No. 104.  McHugh's counsel argued that the court was free to consider all of the factors outlined in 18 U.S.C. § 3553(a) in sentencing McHugh, regardless of whether he was avoiding a mandatory minimum based on substantial assistance.  See id.  The court rejected this argument, citing United States v. Jackson, 577 F.3d 1032 (9th Cir. 2009).  Judgment was entered on November 2, 2009.  ECF No. 103.

McHugh filed the instant motion on September 23, 2010. McHugh's sole ground for the collateral attack is stated as "Denial of Ineffective Assistance of Counsel."  Mot. at 5. McHugh elaborates as follows:  "At sentencing the court interpreted the 9th Circuit case of USA v. Tyrone Jackson (08-30321) to mean that no consideration of factors pursuant to Title 18 USC, Section 3553(a) be given to defendant and therefore did not consider other factors."  Id.

IV.     ANALYSIS.

    A.     The Petition Violates the Plea Agreement and Is Meritless.

The petition must be dismissed because it does not fall within the one of the two grounds for collateral attack permitted by McHugh's plea agreement.  Although the petition purports to rely on ineffective assistance of counsel (misstated as "denial of ineffective assistance of counsel"), the description of the error instead refers to an alleged error by the court, not

5

McHugh's counsel.  See Mot. at 5.  Because McHugh is trying to argue that the court made an error, his petition may not be construed as a claim for ineffective assistance of counsel.  Cf. Strickland v. Washington, 466 U.S. 668, 688, 692 (1984) (to demonstrate ineffective assistance of counsel claim, a petitioner must show that her counsel's performance fell below an objective standard of reasonableness, and that the petitioner was prejudiced by her counsel's errors).  Accordingly, his petition is waived under the plea agreement.

Even if the court were to read the petition as alleging ineffective assistance of counsel, McHugh's counsel was not ineffective, as he did indeed argue the point McHugh refers to. See Transcript at 9-13.  McHugh is entitled to "a reasonably competent attorney," Strickland, 466 U.S. at 687, not an attorney that wins every argument.  Cf. Cheney v. Washington, 614 F.3d 987, 994-95 (9th Cir. 2010) (explaining that, under Strickland, there is a "strong presumption" that defense counsel's conduct "falls within the wide range of reasonable professional assistance").

In any event, the court did not err in its interpretation of Jackson.  At the hearing, the court characterized the case as follows: "The Ninth Circuit in the Jackson case . . . has said, as I read that case, that, if you have a mandatory minimum of 120 months, then to the extent I'm

going below the 120 months, any move down has to be based on substantial assistance." Jackson does so hold. See 577 F.3d at 1036 (holding that if a mandatory minimum sentence is waived based on substantial assistance, it may not be reduced further on the basis of 18 U.S.C. § 3553(a) factors); see also United States v. Evans-Martinez, 611 F.3d 635, 644 (9th Cir. 2010) (citing Jackson for the proposition that "[a] district court lacks authority to impose a sentence below the statutorily required minimum sentence based on the § 3553(a) sentencing factors"). Accordingly, McHugh's counsel cannot be faulted for losing an argument to the contrary. Cf. Boag v. Raines, 769 F.2d 1341 (9th Cir. 1985) (holding that an attorney's failure to make an argument that would have been meritless does not constitute ineffective assistance of counsel).

     B.   This Court Declines to Issue a Certificate of Appealability.

A petitioner must obtain a certificate of appealability before pursuing any appeal from a final order in a § 2255 proceeding. See 28 U.S.C. § 2253(c)(1)(B).

When the denial of a § 2255 motion is based on the merits of the claims in the motion, a district court should issue a certificate of appealability only when the appeal presents a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a motion is denied on the merits, the petitioner is required to show that reasonable jurists could

debate whether the issues should have been resolved differently or are "adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983), superseded on other grounds by 28 U.S.C. § 2253(c)(2)); see also Mendez v. Knowles, 556 F.3d 757, 771 (9th Cir. 2009). The district court must indicate which specific issue or issues satisfy the standard for issuing a certificate, or state its reasons for denying a certificate. United States v. Asrar, 116 F.3d 1268, 1269 (9th Cir. 1997).

Because McHugh has not made a substantial showing of the denial of a constitutional right, the court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2).

V.  CONCLUSION.

For the foregoing reasons, the court DENIES the motion for § 2255 relief and DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.



DATED: Honolulu, Hawaii, October 13, 2010

/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

United States v. McHugh, CIVIL NO. 10-00545 SOM/KSC (CRIMINAL NO. 08-00160-01 SOM); ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT A SENTENCE BY A PERSON IN FEDERAL CUSTODY UNDER 28 U.S.C. § 2255 AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY.